[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
 MEMORANDUM DECISION
Charles Dishman filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying his motion seeking to change his election to receive impaired earning capacity ("IEC") compensation under former R.C. 4123.57(A). Mr. Dishman asks that the commission be compelled to enter a new order which grants IEC compensation.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ of mandamus.
Counsel for Mr. Dishman has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
Charles Dishman was injured in 1984. His claim was originally recognized for "strain/sprain lower back, strain right leg and strain right foot." He obtained an award for permanent partial disability ("PPD") of five percent in 1986. He received a second PPD award of twenty-five percent in 1992. He received a further two percent increase in 1995, for a total award of thirty-two percent.
In March of 1998, Mr. Dishman moved to change his election to an award of IEC compensation. While this matter was pending, his claim had a condition of "herniated disc L5-S1" recognized.
The motion seeking IEC compensation was denied because Mr. Dishman was making no effort to obtain employment. Therefore, proof that his earning capacity had been impaired was lacking. After Mr. Dishman exhausted his administrative appeals, he filed this action in mandamus.
In pursuing his objection, Mr. Dishman argues that he, in fact, has a desire to earn and that as a result, he should be awarded the difference between minimum wage income and his former salary. The evidence on this issue when the commission was reviewing it would support a finding that Mr. Dishman displayed no desire to earn. We cannot find a lack of "some evidence" under the circumstances.
We, therefore, overrule the objections to the magistrate's decision. As a result, we adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the requested writ of mandamus.
Objections overruled; writ denied.
LAZARUS, P.J., and KENNEDY, J., concur.